### John L. Bond *vs.* Mark Fay.

f a deed of land, in describing the granted premises, after naming a certain monument, adds, "thence running southerly by land improved by A. to the road," and a straight line to the road, running a little east of south, will include the land improved by A. in the granted premises, while a line running a little south of west, to the corner of the land improved by A., and thence along the line of said land a little east of south to the road, at a point nearly south of the monument, will exclude said land from the granted premises, the latter construction is to be adopted as the true one; and parol evidence is not admissible to show that the intention of the parties was otherwise.

WRIT OF ENTRY to recover a parcel of land in Marlborough. At the second trial in the superior court, before *Rockwell*, J

without a jury, after the decision reported in 8 Allen, 212, the demandant claimed title under a deed to him from the tenant, in which the description of the demanded premises was as follows : Beginning " on the north side of the county road, at land of William Stratton ; thence by said Stratton's land to a brook at land of William Felton ; thence by said brook to the fence at land of Edward Rice ; thence easterly by said Rice's to a walnut tree at land of Sarah Bond ; thence southerly by said Bond's land to land of Moses Howe, Jr. ; thence westerly by said Howe's land and land improved by Rodney and Gridley Putney to the corner of the wall ; thence southerly by land improved by Gridley Putney to said road ; thence westerly by said road to the bounds first mentioned."

It appeared that no land was improved by Rodney and Gridley Putney jointly, but that the land lying east of the demanded premises was occupied by Rodney alone, and the demanded premises were owned by the tenant and improved by Gridley Putney. The position of the land may be seen by reference to the plan, in 8 Allen, 213. At the former hearing in this court, it was determined that by the true construction of the deed to the demandant the demanded premises were not included there-in ; and at the second trial in the superior court the demandant offered to prove that, a few years before the giving of the deed, the tenant bound himself by a bond to the demandant to convey, upon the payment of a certain sum, a lot of land with boundaries which included the demanded premises, and that the deed above referred to was made in pursuance of the bond, and with the intention and understanding on the part of both parties of including the demanded premises therein. He also offered parol evidence of the situation, conduct, acts and admissions of the parties, to show that it was intended to include the demanded premises in the conveyance. But the judge rejected the evidence, and found for the tenant. The demandant alleged exceptions.

*D. S. Richardson & G. F. Richardson*, for the demandant.

*T. H. Sweetser*, (*W. S. Gardner* with him,) for the tenant.

HOAR, J. The construction of the deed upon which the

demandant's title depends was settled by this court when the case was first before us. *Bond* v. *Fay*, 8 Allen, 212. It was then held that, upon the facts reported, the deed did not convey the land which the demandant claimed, but that the true line was that for which the tenant contended.

Upon a new trial the demandant offered to prove that the conveyance was made in pursuance of a bond for a deed which included the demanded premises, under which he had entered and occupied with the tenant's consent; and also offered parol evidence of the situation, conduct, acts and admissions of the parties, to show that it was intended to include the demanded premises in the conveyance. This evidence was rejected at the trial, and to the rejection of it the demandant excepts.

The rule is accurately stated in the case of *Waterman* v. *Johnson*, 13 Pick. 261, cited by the demandant, and has been followed in numerous cases since, some of which have been also cited. It is this; that where terms are used in a description which are clear and intelligible, the court will put a construction upon those terms, and parol evidence will not be admissible to control the legal effect of such description. But where any part of the description is inconsistent with the rest, and thus shown to be erroneous, it may be rejected; and when the description given is uncertain and ambiguous, parol evidence will be admitted to show to what it truly applies.

In this case we find no such ambiguity or uncertainty of description as will render the evidence offered by the demandant competent. No land "improved by Rodney and Gridley Putney" was found But the monument called for by the deed, "the corner of the wall," was ascertained beyond controversy id it controlled the line to that point. The intermediate description " by land improved by Rodney and Gridley Putney," being untrue and erroneous, was necessarily rejected. But from the corner of the wall, the boundary " by land improved by Gridley Putney " was found, and being a monument called for by the deed, it controlled the remaining line. It was decided that, by the true construction of the deed, this monument ex-cluded the demanded premises. The description being thus

clear and unambiguous, the intention of the parties to control its legal effect could not be shown by parol evidence.

*Exceptions overruled.*